IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHERYL HUNTER and CHUN HUNTER,

    Plaintiffs,

    v.                              Case No.  06-2021-JWL-GLR

FOCUS RECEIVABLES MANAGEMENT, LLC,
and Does 1 to 100,

    Defendants.

**MEMORANDUM AND ORDER**

This case comes before the court on plaintiffs' response to the court's Notice and Order to Show Cause (doc. 7).  Plaintiffs brought an action against defendants for alleged violations of the Kansas Consumer Protection Act, K.S.A. § 50-623, and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, by filing a complaint on January 20, 2006.  According to the files and records of the court as of June 7, 2006, service of the summons and complaint had not yet been accomplished on defendants.  Consequently, the magistrate judge issued to plaintiffs a Notice and Order to Show Cause why service of the summons and complaint was not made on defendants Focus Receivables Management ("Focus Receivables") and Does 1 to 100 and to further show good cause why this action should not be dismissed as to those defendants.  Plaintiffs have now responded, explaining that they believe they have served defendant Focus Receivables.  For the reasons set forth below, the court will extend the time

for plaintiffs to serve Focus Receivables through the date on which they believe they accomplished service, and will dismiss the case without prejudice as to Does 1 to 100.

Rule 4(m) of the Federal Rules of Civil Procedure provides that "if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period."  Under this rule, the plaintiff is entitled to a mandatory extension of time if the plaintiff demonstrates good cause for failing to timely effect service. *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995).  "[T]he 'good cause' provision of Rule [4(m)] should be read narrowly to protect only those plaintiffs who have been meticulous in their efforts to comply with the Rule." *Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1438 (10th Cir. 1994).  In other words, "[e]xcuses such as inadvertence and reliance on a process server who fails to perform" do not satisfy the good cause standard of Rule 4(m).  *Cox v. Sandia Corp.*, 941 F.2d 1124, 1125 (10th Cir. 1991). Even without demonstrating good cause, however, Rule 4(m) gives the court discretion to extend the time for service. *Espinoza*, 52 F.3d at 841.

In this case, plaintiffs' response explains that numerous attempts to serve Focus Receivables were made, culminating with the service of its registered agent on June 10, 2006. The failure to effectively serve process within 120 days of the initial filing of the complaint does not appear to stem from any inadvertence or neglect on behalf of plaintiffs.  To the

contrary, plaintiffs have documented unsuccessful service attempts via certified and first class mail in addition to multiple failed attempts at service by a process server over the course of the permitted 120 day period. Accordingly, the court believes that plaintiffs' numerous attempts to serve Focus Receivables were sufficient to demonstrate good cause for failure to effect service. Even considering apparent lapses between some of plaintiffs' service attempts which might arguably place their efforts below the level necessary to demonstrate good cause, they have shown a sufficient level of diligence that the court would be willing to grant them an extension under its discretionary authority to do so. Additionally, the court finds that in claiming to have served the registered agent of Focus Receivables, plaintiffs have shown that this action should not be dismissed as to Focus Receivables.

On the other hand, plaintiffs' response to the court's Notice and Order to Show Cause does not address any attempts to serve the other defendants, Does 1 to 100. Having failed to show good cause why they have not served Does 1 to 100, plaintiffs' complaint is dismissed as to those defendants.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiffs are granted an extension of time to serve process on defendant Focus Receivables Management, LLC, until June 10, 2006, the date on which they believe they accomplished service.

**IT IS FURTHER ORDERED THAT** plaintiffs' case is dismissed without prejudice as to defendants Does 1 to 100.

**IT IS SO ORDERED** this 27th day of June, 2006.

                s/ John W. Lungstrum
                John W. Lungstrum
                United States District Judge